IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN G. OWENS | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-12-CV-1576-L |
| GREG ABBOTT | § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Kevin G. Owens, a former Texas prisoner, against Texas Attorney General Greg Abbott. On May 18, 2012, plaintiff tendered a complaint to the district clerk and later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on June 11, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his pleadings, plaintiff appears to complain that he was ordered by the State of Texas to register as a sex offender on or about January 3, 2003 -- the date he was released from prison after serving a 12-year sentence for aggravated sexual assault of a child. (*See* Plf. Compl. at 1-2; Mag. J. Interrog. #1(b) & 2). According to plaintiff, the registration requirement violates his 1991 plea agreement and was imposed pursuant to a 1997 law that was not in effect at the time of his conviction. (*Id.*). Plaintiff claims that he "lives in [a] constant state of mental duress for fear of violating State and or Municipal statutes and or codes and being re-incarcerated and losing freedom[.]" (*See* Mag. J. Interrog. #1(c)). By this suit, plaintiff seeks injunctive relief and $15,000 in compensatory damages for every year that he has been required to register as a sex offender. (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Texas Attorney General Greg Abbott -- the only defendant named in his complaint. Abbott is entitled to Eleventh Amendment immunity with respect to any claims brought against him in his official capacity. *See Kemppainen v. Texas*, No. 2-11-CV-0071-J, 2011 WL 2181850 at *3 (N.D. Tex. May 26, 2011) (citing cases), *rec. adopted*, 2011 WL 2183282 (N.D. Tex. Jun. 3, 2011) (holding that official capacity claim against Texas Attorney General is barred by Eleventh Amendment immunity). To the extent plaintiff sues Abbott in his individual capacity, he alleges no facts in his complaint or interrogatory answers that would give rise to individual liability.

C.

Even if plaintiff could bring a civil action against the Texas Attorney General, his claims are barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period for a breach of contract claim is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 1985). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d

332, 334-35 (5th Cir. 1987). With respect to plaintiff's claim that he was forced to register as a sex offender in violation of the ex post facto clause and in breach of his plea agreement, the limitations period commenced on January 3, 2003 -- the date plaintiff alleges that he was ordered to register. *See Tippett v. Foster*, No. 3-10-CV-0744-B, 2010 WL 2891119 at *2 (N.D. Tex. Jun. 16, 2010), *rec. adopted*, 2010 WL 2912248 (N.D. Tex. Jul. 19, 2010). Yet plaintiff did not file this lawsuit until May 18, 2012 -- more than *nine years* later. It is clear from the face of the pleadings that these claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2012.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE