IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN G. OWENS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1576-L** |
| | § | |
| **GREG ABBOTT,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), filed June 13, 2012. Plaintiff filed objections on June 27, 2012. Plaintiff complains that he was ordered by the State of Texas in 2003 to register as a sex offender and that such registration violated his 1991 plea agreement, as it was mandated by a 1997 law that was not in effect at the time of his conviction. The magistrate judge recommended that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The court considers each objection in turn.

The magistrate judge determined that Kevin G. Owens ("Plaintiff" or "Owens") failed to state a claim for relief against Attorney General Greg Abbott, the only defendant named in his complaint, because Abbott is entitled to Eleventh Amendment immunity with respect to any claim brought against him in his official capacity. Further, the magistrate judge determined that Plaintiff failed to allege any facts in his complaint or interrogatory answers that would give rise to individual liability. The magistrate judge also determined that, even if Plaintiff could bring a civil action

against the Texas Attorney General, Plaintiff's claims are barred by the applicable statutes of limitations.

Plaintiff first objects to the Report because he contends that his claims are meritorious, as the Office of the Attorney General failed to inform him that his "original agreement" or plea agreement had been altered or changed due to a law enacted after his conviction, requiring him to register as a sex offender. Plaintiff next objects to the Report because he asserts that Attorney General Abbott's failure to remove him from the registration requirement amounts to a willful and negligent disregard of state laws and permits him to sue, notwithstanding general Eleventh Amendment immunity. Plaintiff last objects to the finding that his claims are time-barred because he did not discover that his rights were violated until April 2012, when he requested and received copies of his case records.

Texas Attorney General Abbott is entitled to Eleventh Amendment immunity with respect to any claims brought against him in his official capacity. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) ("[T]he principle of state-sovereign immunity generally precludes actions against state officers in their official capacities . . . subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young*, 'a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law.'" (internal citations omitted)). Plaintiff cites a case permitting a suit against an official of a State; however, as stated by Plaintiff, the court allowed such suit, "when it was clear that plaintiffs were seeking to impose individual and personal liability on the officials." Pl.'s Objections 2. Plaintiff has alleged no facts in his complaint or interrogatory answers that would give rise to individual liability against Texas Attorney General Abbott. Also, Plaintiff has not cited any

applicable exception to immunity. Accordingly, the court **overrules** Plaintiff's first and second objections.

Plaintiff complains that he was ordered by the State of Texas to register as a sex offender on or about January 3, 2003–the date he was released from prison after serving a 12-year sentence for aggravated sexual assault of a child. As the Report fully explains, the limitations period began to run the moment Plaintiff knew or had reason to know of the injury that is the basis of his complaint. Based on Plaintiff's claims, he is subject to both a two and four year statute of limitations. In any case, Plaintiff did not file his lawsuit until May 18, 2012, more than *nine years* after he was first required to register as a sex offender and put on notice of the injury of which he complains. Accordingly, his claims are time-barred, and the court **overrules** his third objection.

After reviewing the pleadings, record in this case, applicable law, and the findings, conclusions, and recommendation of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. Accordingly, the court **dismisses** this case pursuant to 28 U.S.C. § 1915(e)(2).

**It is so ordered** this 29th day of June, 2012.

*[Signature]*
Sam A. Lindsay
United States District Judge